**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RAIL SCALE, INC., a Florida Corporation, | ) | Civil Action No.: 4:21-cv-03698 |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| WEIGHING TECHNOLOGIES, INC., d/b/a | ) | |
| WT RAIL, a Texas Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPPOSED MOTION TO MODIFY CLAIM CONSTRUCTION SCHEDULE TO ACCOMODATE DEFENDANT'S NEWLY SERVED AMENDED INVALIDITY CONTENTIONS**

**[HEARING REQUESTED]**

Plaintiff Rail Scale, Inc. ("Rail Scale" or "Plaintiff") hereby moves to modify the claim construction schedule in this matter in light of Defendant Weighing Technologies, Inc.'s ("WT Rail" or "Defendant") First Amended Invalidity Contentions that were served afterhours on Friday, February 3, 2023 ("Amended Contentions" or "Amended Invalidity Contentions").[1]  Defendant served its Amended Contentions without leave of the Court and a showing of good cause as required under Rules of Practice for Patent Cases before the United States District Court for the Southern District of Texas (each, a "P.R.") 3-6(b).  To avoid seeking leave of the Court and showing good cause, Defendant mistakenly served its Amended Contentions pursuant to P.R. 3-

---

[1] We ask the Court to forgive any structural or grammatical errors in this motion as it was filed immediately following a meet and confer on February 7, 2023, based on the urgency of the requests set forth herein.

6(a).  Assuming Defendant can make showing of good cause under the proper rule, P.R. 3-7, Plaintiff requests that the Court modify the claim construction discovery deadline to streamline the claim construction process and avoid substantial prejudice to Plaintiff that necessarily follows from the untimely amended invalidity contentions served the day before discovery ends and days before claim construction briefing begins.  Plaintiff has attached to this Motion as "Exhibit A" a proposed schedule to address the prejudice caused by this late filing.[2]

## ARGUMENT

Defendant cites P.R. 3-6(a) as its basis for serving its Amended Contentions without seeking leave of Court.  However, in this district, P.R. 3-6(a) is exclusively applicable to infringement contentions, not Defendant's invalidity contentions.  As the alleged infringer, Defendant has no basis to rely upon this rule.  Rather, the rule governing its Amended Invalidity Contentions without seeking leave is instead governed by P.R. 3-6(c). But even then, P.R. 3-6(c) would only allow Defendant to amend its Invalidity Contentions without leave of court if: (1) amended or final infringement contentions have been served; or (2) the amending party has good cause to "believe that the Court's Claim Construction Ruling requires amendment."  Neither of these conditions exist in this instance.  Accordingly, Defendant had no basis to serve its Amended Invalidity Contentions without leave of the Court.  Defendant was instead required to make a showing of good cause upon motion to the Court under P.R. 3-7, which Defendant failed to do. Such a motion and showing of good cause would have allowed Plaintiff to address the highly prejudicial timing of the Amended Contentions before they were served.  Instead, Plaintiff is

---

[2] The proposed amendment to the Scheduling Order does not affect any other deadlines in the case other than those relating to claim construction.  Plaintiff believes these changes are necessary to assist the parties and the Court in narrowing the terms required for construction.

compelled to file this motion to address the urgent issues created by Defendant's untimely and improper service of its Amended Contentions.

Allowing Defendant to serve Amended Contentions at the close of discovery and just before claim construction briefing would substantially prejudice Plaintiff. As part of a good cause analysis to determine whether to allow amended invalidity contentions, the Court looks to the potential prejudice in allowing amendment and whether a continuance is available to cure that prejudice should be considered by the Court. *See Arbitron, Inc. v. International Demographics, Inc.,* No. 2:06-CV-434, 2008 WL 4755761, at *1. In this instance, the easy remedy is to amend the claim construction deadlines to cure the problem caused by these untimely disclosures.

Based on the foregoing, good cause exists to modify the claim construction schedule to avoid prejudice caused to Plaintiff.

## I.      PREJUDICE TO PLAINTIFF

Allowing the Amended Contentions without a modification to the scheduling order would result in unfair prejudice to Plaintiff because these amendments came (1) well after the joint claim construction and prehearing statement was filed, (2) one day before fact discovery on the claim constructions was due, (3) within months of the claim construction hearing, and (4) within a week of Plaintiff's claim construction brief being due.[3] Whether by design or otherwise, this late filing causes unfair prejudice, and does not further the claim construction process.

---

[3] From what Plaintiff can determine, the information relied by Defendants in its Amended Contentions have been available to Defendant months before the filing of its original invalidity contentions. And, even as to subsequently received documents, all of these were available well before the parties filed the Joint Claim Construction and Prehearing Statement on November 18, 2022.

The timing of the Amended Contentions necessarily results in prejudice to Plaintiff. Plaintiff has already determined the claims that need construction based on the timely disclosed invalidity contentions and this new art needs to be evaluated and considered before claim construction. "If new prior art is introduced after plaintiff has already chosen its claim construction positions, there is a serious risk that the claim construction positions that plaintiff chose might read on the newly introduced prior art and invalidate the plaintiff's patents without giving the plaintiff a chance to narrow the scope of their proposed constructions." *U.S. Well Servs., LLC v. Tops Well Servs.*, No. 3:19-CV-00237, 2020 U.S. Dist. LEXIS 169328, (S.D. Tex. Sep. 16, 2020) [4]; *see also Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 U.S. Dist. LEXIS 83196 (E.D. Tex June 19, 2014) ("[C]ontrary to Defendants' argument, Plaintiff would be prejudiced by the Amended Invalidity Contentions…[where] Defendants sought leave to amend the invalidity contentions… about two months before scheduled Claim Construction Hearing…and after the parties have submitted their Joint Claim Construction and Prehearing Statement."); *Danco, Inc. v. Lavelle Indus., Inc*., No. 5:16CV48-CMC, 2017 U.S. Dist. LEXIS 232226 (E.D. Tex. Mar. 20, 2017) (Because "the parties' claim construction positions as a practical matter would be influenced by the scope and combination of the specific priors [sic] arts disclosed in the invalidity contentions[,]…allowing amendment so close to the hearing, and after the parties

---

[4] Defendant understands the Local Patent Rules and when leave of Court is required.  Defense Counsel Messrs. Levy and Thomas filed the motion under P.R. 3-7 in *U.S. Well.  See U.S. Well,* at 169328, *1.  That motion was denied and the court found that that unfair prejudice would result when the amended invalidity contentions were filed "(1) two months after the filing of the Joint Claim Construction and Prehearing Statement; (2) one month after the discovery deadlines on claim construction issues; (3) five days after [Plaintiff] filed its initial claim construction brief; and (4) a month and a half before the claim construction hearing."  *Id* at *9.  The facts here are nearly identical and the resulting unfair prejudice the same.

.

4

'largely formulated their respective positions, would prejudice Plaintiff.'") (internal citation omitted).

Defendant's newly amended invalidity contentions incorporate by reference to its claim chart more than 150,000 images that have been produced since August 2020 both from Plaintiff and from third parties who manufactured certain of Plaintiff's equipment.[5]  This alleged prior art is highly prejudicial at this stage.  *See Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 542 (E.D. Tex. 2015) ("[N]o experienced practitioner would argue that the sudden introduction of a new prior art reference is not prejudicial.").

The original scheduling order entered by the Court permitted Plaintiff nearly two months after the invalidity contentions were due, and nearly three months after those were due to file the joint claim construction and prehearing statement.  *See* Scheduling Order, Dkt. No. 24 at p. 2.  By this filing late in the claim construction process, Plaintiff is not afforded the time required to understand Defendant's theory and determine what terms need constructions and the substance of those constructions.[6]

Plaintiff will also be prejudiced if the discovery deadline for claim construction is not extended beyond the current date (February 6, 2023).   As previously indicated, Defendant references and incorporates more than 150,000 documents (alleged prior art) into its claim chart one day before the cutoff of fact discovery in this case.  Plaintiff should be afforded the opportunity

---

[5] Defendant has incorporated by reference to its claim chart alleged prior art consisting of Rail Scale documents produced by Rail Scale (in August 2022), more than 9,200 pages of information from Mynatt, more than 133,000 pages of material from TechCetera, an unspecified amount of materials from Palfinger, and materials from Koenig Scale.
[6] The Proposed Amended Schedule attached as Exhibit A is meant to cure the prejudice caused by the untimely amended invalidity contentions.

to conduct third party discovery on these vendors for purposes of claim construction to avoid unfair prejudice.

Defendant's sudden addition of voluminous prior art references right before Plaintiff is to submit its opening claim construction brief on February 10, 2023, intensifies the prejudice because Defendant has only proposed a "plain and ordinary meaning" ("PAOM") construction for the disputed terms. In spite of multiple requests by Plaintiff to explain what Defendant understands is the PAOM to be for the terms, Defendant has not articulated what it believes the PAOM to be or mean. The prejudice caused by Defendant's failure or inability to articulate or explain what it means by the PAOM of specific terms is further intensified because Defendant has not disclosed who it believes "a person of ordinary skill in the art" ("POSA") is or his/her qualifications. To properly assess or understand Defendant's invalidity arguments and the relied upon prior art, Defendant should have disclosed who it believes is a POSA. Without its disclosure of a POSA, its unexplained and unsupported proposed PAOM constructions, and now its improper 11th hour addition of prior art, and arguments to its Amended Contentions, Plaintiff cannot in the short time left before it must file its Opening Claim Construction brief even begin to understand Defendant's claim construction arguments or review and connect the voluminous prior art.

## II.     MODIFICATION TO CURE PLAINTIFF'S PREJUDICE

Based on the foregoing, Plaintiff requests that the scheduling order be modified so that it has the same amount of time as in the Court's scheduling order to address the prejudice caused by the newly added prior art in Defendant's Amended Invalidity Contentions.  Of particular importance, Defendant's Amended Invalidity Contentions were served days before the deadlines for Plaintiff's opening claim construction brief.  As the Amended Contentions will influence

Plaintiff's claim construction positions (and, indeed the identification of disputed claim terms), as detailed above, Plaintiff requests relief from the briefing deadline as this motion is decided and the broader request for modification of the schedule is determined.

## MEET AND CONFER

Upon receiving the Amended Contentions, Plaintiff immediately requested that Defendant agree to modify the deadlines so that the Plaintiff could assess the newly identified prior art and determine the proper claim terms for construction and the constructions of such terms. Plaintiff is appreciative of Defendant's willingness and promptness for agreeing to meet-and-confer, and confer, but that meet-and-confer, which occurred today on February 7, 2023, resulted in an impasse, thereby precipitating the filing of this opposed motion. Defendant's position is that its amended invalidity contentions were not untimely because the prior art referenced therein are documents that were either produced by Plaintiff or were available from third parties. Plaintiff disagrees. Defendant is required to connect the dots between what it alleges is prior art and how that prior art invalidates the asserted patent. It has not done so. Moreover, before Defendant asserts its invalidity contentions, Plaintiff is not required to guess at all of the prior art Defendant may contend to be invalidating. In effect, Defendant has informed Plaintiff to "go fishing" through the productions and amass what Plaintiff believes to be invalidating prior art, and then address it in its opening claim construction brief. It is incorrect as a matter of law to shift the high burden of invalidity onto the Plaintiff. *See Ortloff Corp. v. Gulsby Eng'g, Inc.* 706 F. Supp 1295, 1305 (S.D. Tex. 1988) ("The party who asserts invalidity of a patent must carry that burden of persuasion by clear and convincing evidence"). This motion is filed to raise this urgent issue with the Court.

## <u>TIMELINESS</u>

This motion is timely filed based on the sequence of events: (1) the service of amended invalidity contentions after hours on Friday, February 3, 2023, one business day before the close of claim construction discovery; (2) the time it takes to set up a proper meet-and-confer between counsel for the parties; (3) the written correspondence between counsel regarding the issues raised in this motion; (4) the imminent deadline for filing Plaintiff's opening claim construction brief, Friday, February 10, 2023.  Oral argument is requested on this motion.

Respectfully submitted,

DATED: February 7, 2023

*/s/ Joseph G. Pia*

Joseph G. Pia
Attorney-in-charge
Texas Bar No. 24093854
Southern District of Texas No. 3727877
joe.pia@piahoyt.com

Zachary J. Weyher
Pro Hac Vice
Utah Bar No. 10846
zweyher@piahoyt.com

**Pia Hoyt, LLC**
136 East South Temple, Suite 1900
Salt Lake City, UT 84111
T: 801-350-9000
F: 801-350-9010

Scott R. Hoyt
Texas Bar No. 00788886
shoyt@piahoyt.com
Pia Hoyt, LLC
904 Meadow Lane

Southlake, TX 76092
T: 817-454-5678

**Attorneys for Plaintiff and**
**Counterclaim Defendant Rail**
**Scale, Inc.**

## CERTIFICATE OF SERVICE

On February 7, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2).

*/s/ Rachel Dodge*