United States District Court
Southern District of Texas

**ENTERED**

January 21, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Rail Scale, Inc., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action 4-21-3698 |
| | § | |
| Weighing Technologies, Inc., | § | |
| d/b/a WT Rail | § | |
| *Defendant*. | § | |

### MEMORANDUM AND ORDER

Pending before the court is Plaintiff's Motion for Partial Summary Judgment re: (1) Patent Infringement, and (2) Defendant's Third Cause of Action and Counterclaim for Inequitable Conduct. ECF No. 176. Also pending are Defendant's Motion to Strike, ECF No. 162, Plaintiff's Motion to Exclude Gregg Perkin as Defendant's Technical Expert, ECF No. 174, and Defendant's Motion to Exclude Opinions and Testimony of Orville "Bubba" Buchhorn and Scott W. Cragun, ECF No. 178. The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of judgment. ECF No. 37. Rail Scale's Motion for Partial Summary Judgment, ECF No. 176, is **GRANTED in part** as to inequitable conduct, and **DENIED in part** as to infringement. The motions to strike and exclude expert testimony are **DENIED** without prejudice to re-urging them as motions in limine before trial on a timeline to be set by the court.

### 1. Background and Procedural Posture

Rail Scale filed this patent infringement lawsuit against WT Rail on November 10, 2021, alleging that WT Rail's non-railbound calibration equipment and services infringe Rail Scale's patent titled "Method and Apparatus For Calibrating Rail Scales" (the

'100 patent). ECF No. 1. WT Rail previously moved for partial summary judgment of invalidity and unenforceability. ECF No. 68-2. WT Rail argued in that motion that Rail Scale's own equipment as well as other competitors' equipment on sale more than a year before the patent application was filed anticipated the '100 patent's claims. *Id.* at 21, 26. WT Rail also argued that Rail Scale intentionally and with the intent to deceive the Patent Office failed to disclose to the examiner their own equipment that had been on sale more than a year before the patent application was filed, thus rendering the '100 patent unenforceable. *Id.* at 61-69. The undersigned denied WT Rail's motion, holding that genuine issues of material fact precluded entry of summary judgment as to both issues. ECF No. 240. The court refers the reader to the court's order on the previous motion for summary judgment for a more fulsome discussion of the facts of this case and the relevant technology.

In the instant motion for partial summary judgment, ECF No. 176, Rail Scale seeks summary judgment of infringement on claims 7 and 11 of the '100 patent. Rail Scale also seeks summary judgment against WT Rail on its inequitable conduct counterclaim and defense. *Id.* As for infringement, Rail Scale argues that WT Rail's witnesses have conceded that its accused equipment meets every limitation of claims 7 and 11 of the '100 patent. *Id.* at 39. As for inequitable conduct, the parties cite essentially the same evidence that was raised in response to WT Rail's previous motion for summary judgment. Rail Scale argues that WT Rail cannot carry its burden to show that the single most reasonable inference to be drawn from the evidence is that the inventors and their counsel intended to deceive the Patent Office when they failed to disclose their own equipment to the examiner. *Id.* at 39-43; *see also* ECF No. 150 at 44-50.

2

In its Response, ECF No. 208, WT Rail concedes that, if the '100 patent is valid and enforceable (which it does not concede), its equipment meets every limitation of claims 7 and 11. As for inequitable conduct, WT Rail argues that the only reasonable inference to be drawn from the evidence is that the inventors and their counsel intended to deceive the Patent Office when they intentionally withheld their own prior art equipment from the examiner. *Id.* at 19.

### 2. Summary Judgment Standard

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "go beyond the pleadings," using competent summary judgment evidence to cite "specific facts" showing a genuine issue for trial. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

### 3. *Summary Judgment Analysis*
#### a. *Infringement*

The undersigned has previously determined that genuine disputes of material fact exist with respect to whether the '100 patent is valid, and that the issue must therefore be tried by a jury. ECF No. 240 at 8-9. Although there is no factual dispute about whether WT Rail's accused equipment meets each limitation of claims 7 and 11, the court cannot say that Rail Scale is entitled to judgment as a matter of law unless and until the '100 patent is determined to be valid. *See United Therapeutics Corp. v. Liquidia Techs., Inc.*, 74 F.4th 1360, 1372 (Fed. Cir. 2023) (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920, 1929 (2015) and stating that "unpatentable or invalid claims cannot be infringed"). Accordingly, summary judgment on infringement is **DENIED**.

#### b. *Inequitable Conduct*

The undersigned also previously denied WT Rail's summary judgment motion on inequitable conduct because "There is insufficient evidence in the summary judgment record from which the court can find by clear and convincing evidence that the inventors had a specific intent to deceive the patent office." ECF No. 240 at 14. Rail Scale's instant motion and WT Rail's Response both discuss the same basic evidence and arguments as before. While the court denied summary judgment on WT Rail's motion, that is largely because WT Rail bears the burden of proof by clear and convincing evidence on inequitable conduct, and WT Rail had failed to meet that burden. The outcome is different when Rail Scale is the movant. WT Rail's burden to come forward with evidence that the only reasonable inference to be drawn from the evidence is that the inventors intended to deceive the patent office. Because WT Rail failed to carry its burden, summary judgment

4

must be granted in favor of Rail Scale on WT Rail's inequitable conduct defense.

Inequitable conduct is a defense to patent infringement which, if proved, bars enforcement of the patent. *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1286 (Fed. Cir. 2011). To prove inequitable conduct, the infringer must show that the patentee acted with specific intent to deceive the USPTO. *Id.* at 1290. When the case involves nondisclosure of a prior art reference, the accused infringer must show that the patent applicant: 1) knew of the reference, 2) knew it was material, and 3) made a deliberate decision to withhold it. *Id.* Neither gross negligence nor a showing that the applicant should have known to submit the reference are sufficient.

District courts must not use a "sliding scale," whereby a weak showing of intent can be overcome by a strong showing of materiality. *Therasense*, 649 F.3d at 1290. Courts must evaluate materiality separately from intent to deceive. *Id.*

Because direct evidence of deceptive intent can rarely be shown, district courts may infer specific intent from indirect and circumstantial evidence. *Therasense*, 649 F.3d at 1290. But such an inference may be made only if specific intent to deceive is the "'single most reasonable inference able to be drawn from the evidence.'" *Id.* (quoting *Star Scientific Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)). Thus, if the court finds that there are multiple reasonable inferences that can be drawn from the patentee's conduct, it cannot find that there was specific intent to defraud. *Id.* at 1290-91. Summary judgment on inequitable conduct is appropriate when the evidence does not support a finding that deceptive intent is the single most reasonable inference to be drawn from the evidence. *Baxter Int'l v. CareFusion Corp.*, No. 15 C 9986, 2022 WL 981115, at *8 (N.D. Ill.

Mar. 31, 2022) (rejecting the accused infringer's argument that summary judgment on inequitable conduct is rarely granted after *Therasense*; collecting cases granting summary judgment on inequitable conduct).

Rail Scale attached to its motion for summary judgment evidence showing that the inventors were not sophisticated in terms of the patent prosecution process. For example, Dennis Myers testified that he "didn't even know what prior art was until not too long ago," and that he did not know he had a duty to disclose all known prior art to the Patent Office. ECF No. 176-7 at 72. Myers testified that he did not know whether Rail Scale's own equipment would qualify as prior art. *Id.* at 77. Myers also testified that he was not involved in preparing or prosecuting the patent application. *Id.* at 68, 70. Nor did he communicate with his attorney during prosecution of the patent. *Id.* at 85. Moreover, rather than hide Rail Scale's equipment from their counsel, the inventors invited him to watch a demonstration of it. *Id.* at 76.

Michael Dodd, a lawyer with decades of experience, prosecuted the patent on behalf of Rail Scale. He testified that he attended the equipment demonstration, ECF No. 176-8 at 18, but assumed that what he saw had not been in use for more than a year. *Id.* at 57–58. Although Dodd did not explain to the inventors their duty of candor toward the Patent Office, *id.* at 21, he also did not believe that the inventors were hiding anything from him, *id.* at 59.

In its Response, WT Rail does not cite any evidence to refute the facts that Rail Scale presented in its motion. WT Rail points out that Rail Scale was involved in a trade secret litigation involving this same equipment in 2016, which is before the patent application was filed. ECF No. 208 at 20. It is not clear to the court how being involved in a trade secret litigation would inform the

inventors about the meaning of prior art under the patent laws, or their duty to disclose it. WT Rail also points out that Mr. Dodd failed to discuss with the inventors important aspects of the patent prosecution process, including the duty to disclose material prior art. *Id.* This speaks to negligence at best and does not amount to evidence of an intent to deceive. WT Rail also points out that the inventors were bound by their duty of candor, whether they knew about it or not. *Id.* at 21. But the inventors' legal duty of candor cannot give rise to an inference that the inventor made a conscious decision not to disclose material prior art. If that were the case, then the burden of proof that *Therasense* imposed would be diluted almost in its entirety.

WT Rail urges the court to conclude that the only inference that can be drawn from the evidence is an intent to deceive. While that may be one inference that a fact finder might draw, there are other equally reasonable inferences that can be drawn. One is that the inventors had no idea whether their equipment qualified as prior art and needed to be disclosed. Myers' direct testimony about that is unrebutted. Another is that the inventors had no intention to hide their equipment from the Patent Office. They invited their lawyer to a demonstration of their equipment, from which a fact finder could infer honest intentions, not intentions to deceive.

The court concludes that there are multiple reasonable inferences that can be drawn here, only one of which is that the inventors intended to deceive the Patent Office. Again, the court cannot use a "sliding scale" and allow a strong showing on materiality to dilute WT Rail's burden on deceptive intent. Rail Scale is entitled to summary judgment.

### 4. *Motions to Strike and Exclude Testimony*

Rail Scale has moved to exclude Gregg Perkins as WT Rail's technical expert. ECF No. 174. WT Rail has moved to strike the testimony of Rail Scale's President Dennis Myers, ECF No. 162, and has moved to exclude the testimony of Rail Scale's experts Orville Buchhorn and Scotty Cragun, ECF No. 178. Resolving these motions was not necessary before deciding the pending summary judgment motion. Accordingly, the court **DENIES** the cited motions to exclude and to strike without prejudice to re-urging them as motions in limine before trial on a timeline to be set by the court.

### 5. *Conclusion*

Rail Scale's Motion for Partial Summary Judgment of Infringement and Inequitable Conduct, ECF No. 176, is **GRANTED in part and DENIED in part**. Infringement will be decided at trial. WT Rail's inequitable conduct counterclaim and defense are **DISMISSED**. The remaining motions to strike and exclude evidence, ECF Nos. 162, 174, and 178 are **DENIED** without prejudice.

Signed at Houston, Texas on January 17, 2025.

_____
Peter Bray
United States Magistrate Judge